## SEARS *vs.* BARNUM and others.

Proof of a mortgage between the same parties, of the same date, con-
veying the same premises, upon the same conditions, with the same
date of registry as the mortgage set forth in a bill of foreclosure, is
inadmissible in evidence under such bill, even though the descrip-
tion of the mortgage in the bill is more prolix than the mortgage
offered in evidence.

To render it admissible, the averments in the bill must so far identify
the mortgage, that the opposite party cannot reasonably be misled.

Dec. 1839.

Sears
v.
Barnum and
others.

THIS was a bill filed to foreclose a mortgage executed by Hiram Barnum to the complainant. The bill in this cause is made from a printed form. It sets forth a mortgage as containing the following clauses : " Together with all and singular the tene-" ments, hereditaments, and appurtenances thereunto " belonging or in any wise appertaining, and also all " the interest, claim, and demand whatsoever, as " well in law as in equity, of said Hiram Barnum, of, " in, and to the same and every parcel thereof, with " the appurtenances, and the reversions, remainders, " rents, issues, and profits thereof ;" also, after the habendum clause, the following words : " With all " and singular the tenements, hereditaments, and ap-" purtenances thereunto belonging or in any wise " appertaining." Also the power of sale is set forth in the bill as follows : " And said mortgagor did, by " said mortgage, empower said mortgagee, his heirs, " executors, administrators, and assigns, to enter " into and upon all and singular the premises by said " mortgage granted or intended so to be, and" to grant, bargain, sell, release, and convey the same with the appurtenances, " and all benefit and equity " of redemption of said mortgagor, his heirs, execu-" tors, administrators, or assigns therein," at public auction or vendue, according to the statute in such case made and provided ;. " and on such sale, as the " attorney of said mortgagor, by said mortgagee for " that purpose duly authorised, constituted, and ap-" pointed," to make, execute, and deliver to the purchaser or purchasers thereof, his, her, or their heirs and assigns, a good, ample, and sufficient deed or deeds of conveyance " in the law, for the same, in " fee simple ; and out of the money arising from such

"sale, to retain the principal and interest which "should then be unpaid on said bond, according to " the condition thereof, together with the costs and " charges of the advertisement and sale of the same," rendering the overplus of the purchase money, if any there should be, unto the said mortgagor, his heirs, executors, administrators, or assigns; "which sale, " so to be made, should be a perpetual bar, both in "law and equity, against the said mortgagor, his "heirs and assigns, and all other persons claiming or " to claim the premises, and any part thereof, by, "from, or under them, or either or any of them."

To this bill, Zalmon Fitch, one of the defendants, put in an answer denying the execution of the mortgage set forth in the bill. Upon taking proofs, the complainant produced before the examiner a mortgage corresponding with the mortgage set forth in the bill, except that the mortgage produced did not contain the clauses or provisions set forth in the bill, and marked above in double commas; the mortgage produced not containing so many provisions as the mortgage set forth in the bill. The examiner refused to receive the mortgage offered, in evidence. The complainant, however, proved the same, subject to the decision of the examiner, and now brings the cause to a hearing upon pleadings and proofs.

*Geo. L. Marvin,* for complainant.

*C. B. Lord,* for defendant Fitch.

THE VICE CHANCELLOR. At common law there is, perhaps, an unreasonable strictness of proof exacted, even to the very letter of the averments, in the pleadings; and, consequently, the Common Law

Dec. 1839.

Sears
v.
Barnum and others.

Reports abound in cases relating to the variance between the pleadings and proofs. Courts of Equity, however, are much more liberal in this respect, and have usually shewn indulgence in cases of inaccuracy, whether caused by mistake or by deficiency of information. They disregard mere technical rules, when it is evident the parties are not misled by the averments in the pleadings, and search after justice by the light of testimony, if the statements in the pleadings will reasonably warrant the introduction of such testimony. Hence, when the averments in a pleading are scanty, great liberality is allowed in producing proofs; and much wider scope is given in such cases, than in courts of law. Still, even in equity, if a party undertakes to set forth a contract or an agreement in a pleading, he must prove it substantially as averred. There is at least reason why he should set forth a contract in his own possession and within his own knowledge, according to its legal import; and, above all, he would hardly be excused if he set forth a contract containing more than the contract proved would justify. In bills for specific performance of an agreement, the contract or agreement must be proved as stated in the bill; and even when an immaterial or rather unnecessary averment is made in the bill, it is held it must be proved as averred, or the party will fail. (As to variance, see Gresley's Equity Evidence, pages 161, 170, 171, 172, and cases there cited.) These averments, immaterial to be made, but necessary to be proved if made, in all the cases, I find relate to some substantive and independent matter. In the case before us, from carelessness in adapting the printed form used, to the mortgage upon which the bill was framed,

there is a superfluity or excess of statement in the bill, as to the scope, provisions, and extent of the mortgage. Still, the mortgage produced is in legal operation and effect, the same as the mortgage set forth in the bill. There is a redundancy of language in the mortgage, as described in the bill; but the mortgage produced, though shorter and more brief in its composition, has the same legal scope and effect as the one set forth in the bill. It has the same parties, the same date, conveys the same premises, upon the same conditions. The passages in the bill marked with double commas, may be stricken out entirely, and it will leave the statement of a perfect and complete mortgage, and the same mortgage as is produced in evidence. I think it is too technical to say that the complainant's bill should be dismissed for the variance insisted upon by the defendant's counsel, as it is hardly possible that the defendant could have been misled by the averments in the bill. I shall therefore hold that the mortgage produced before the examiner, was admissible proof under this bill, and declare it duly proved; and the complainant must have the ordinary order of reference to a Master to compute the amount due on his mortgage.

The redundant verbiage of the bill may be hereafter considered in the costs.